UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERIC J. KIKKERT,<br><br>   Plaintiff,<br><br>  v.<br><br>NICK BROWN, in his official capacity as Attorney General of the State of Washington, PAM BONDI, in her official capacity as General of the United States,<br><br>   Defendants. | CASE NO. 2:25-cv-00950-JNW<br><br>DISMISSAL ORDER |

## 1. INTRODUCTION

This matter comes before the Court on Defendants Nick Brown and Pam Bondi's Motions to Dismiss. Dkt. Nos. 21, 26. Having reviewed the motions, Plaintiff Eric Kikkert's responses, Dkt. Nos. 22, 29, Defendant Brown's reply, Dkt. No. 30, and all other materials, the Court GRANTS the Motions and DISMISSES the First Amended Complaint WITH PREJUDICE.

DISMISSAL ORDER - 1

## 2. BACKGROUND

Plaintiff Eric Kikkert describes himself as "a naturalist and religious practitioner" and a veteran who served in the United States Army. Dkt. No. 19 (FAC) at 3, 6. He originally filed suit in King County Superior Court on or about April 7, 2025, against the State of Washington and the "United States Federal Government." Dkt. 1-1. The United States removed the action to federal court, Dkt. 1, and Judge Marsha J. Pechman dismissed the complaint for lack of standing and failure to state a claim but granted leave to amend, despite doubting whether the complaint could be salvaged. Dkt. 17. Kikkert filed his First Amended Complaint ("FAC") on September 8, 2025, naming Brown and Bondi as defendants. Dkt. No. 19

Kikkert's amended claims fall into three categories. *First*, he alleges that state and federal policies related to the COVID-19 pandemic, primarily vaccine mandates, violated his constitutional rights to "live and raise potential children" in accordance with his religion and "attend[ ] in-person religious services and community rituals at his place of worship[.]" Dkt. No. 19 at 6–8. He also claims that state and federal medical and religious exemptions to the COVID-19 vaccine requirements violate the Due Process Clauses of the Fifth and Fourteenth Amendments because they are "not uniformly applied or guaranteed." *Id.* at 7.

*Second*, Kikkert claims that Defendants, along with "tens of thousands of past and present actors," engaged in a decades-long conspiracy to employ and enforce various legal immunities to deprive him of various constitutional rights, and claims that these immunities are preempted under the Supremacy Clause. *See id.* at 1–6.

DISMISSAL ORDER - 2

*Third*, Kikkert accuses Defendants of enforcing or defending "anti-BDS" laws[1], and claims these laws violate his expressive rights under the First Amendment. *Id.* at 2, 6, 8, 10.

Kikkert brings six causes of action against Defendants under 42 U.S.C. § 1983, alleging the constitutional violations discussed above, and claiming that Defendants conspired to deny him his constitutional rights. FAC at 10–11.

## 3.  DISCUSSION

Defendants argue that the FAC should be dismissed for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. Nos. 21, 26. The Court first reviews the relevant legal standards and then Kikkert's motion for an overlength brief before turning to the Parties' arguments for and against dismissal.

### 3.1   Legal standards.

A motion to dismiss under Rule 12(b)(1) challenges the court's subject-matter jurisdiction. Federal courts are courts of limited jurisdiction and are presumed to lack jurisdiction until the plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Article III standing is an essential

---

[1] While Kikkert does not define "anti-BDS," the term appears to be an acronym for the "Boycott, Divestment, and Sanctions" movement, which "seeks the peaceful end of Israeli discrimination against and maltreatment of Palestinians imposing economic pressure on Israel to cease its settlement activity in Palestinian Territory." *See Ali v. Hogan*, 496 F. Supp. 3d 917, 920 (D. Md. 2020), *aff'd as modified*, 26 F.4th 587 (4th Cir. 2022). Defendants agree with this interpretation. *See* Dkt. No. 21 at 2 n.1; Dkt. No. 26 at 3 n.2

DISMISSAL ORDER - 3

ingredient of subject matter jurisdiction." *Perry v. Newsom*, 18 F.4th 622, 630 (9th Cir. 2021) (quoting *Whitaker v. Tesla Motors Inc.*, 985 F.3d 1173, 1178 (9th Cir. 2021)). When evaluating a facial challenge to jurisdiction, the court accepts the factual allegations in the complaint as true. *Thornhill Publ'g Co. v. Gen. Tel. Elec.*, 594 F.2d 730, 733 (9th Cir. 1979).

Under the Federal Rules of Civil Procedure, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). Thus, a "document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). Courts are not to "dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (citing *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988))).

### 3.2    Kikkert's motion for overlength brief and surreply.

As an initial matter, Kikkert seeks leave to file an overlength response to Defendant Brown's motion to dismiss, certifying that "the opposition is not verbose but responsive to the motion's breadth." Dkt. No. 28 at 2. Kikkert's 12,000 word brief—nearly 4,000 words over the limit provided by LCR 7(e)(4)—is not the model of brevity. But given his pro se status, and in light of Defendants' non-opposition to the request, the Court GRANTS the motion. The Court has considered Kikkert's full opposition in resolving these motions.

DISMISSAL ORDER - 4

For similar reasons, the Court has also considered Kikkert's surreply to Defendant Brown's reply brief, Dkt. No. 31, even though it was filed without leave of court and outside the narrow circumstances permitted by LCR 7(g).

### 3.3   Kikkert lacks Article III standing to sue.

Federal judicial power extends only to "cases" and "controversies." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338, (2016), *as rev'd* (May 24, 2016). "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Id.* at 338. To have standing, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* To show an injury in fact, a plaintiff must show "that he suffered an injury in fact that is concrete, particularized, and actual or imminent." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–561 (1992)).

Defendants argue that Kikkert's alleged injuries are neither particularized nor concrete. Dkt. No. 21 at 4–5 (Defendant Bondi); Dkt. No. 26 at 3–4 (Defendant Brown). The Court agrees and addresses both deficiencies in turn.

#### 3.3.1   Kikkert's general grievances about government policies are not particularized.

Kikkert's constitutional challenges to the policies, rules, and laws upheld and enforced by Defendants is not particularized. To be "particularized," the injury must affect Kikkert "in a personal and individual way." *Spokeo,* 578 U.S. at 338 (quoting *Lujan*, 504 U.S. at 560 n.1).

DISMISSAL ORDER - 5

Kikkert alleges that because he is "a citizen injured by deprivations of constitutional rights, liberties, and freedoms," he thus has standing to "enjoin the Defendants from enforcing and maintaining unconstitutional laws, policies, rules, and treaties that violate the U.S. Constitution[.]" FAC at 1, 9. But it is well-settled that "a citizen does not have standing to challenge a government regulation simply because the plaintiff believes that the government is acting illegally." *Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 381 (2024). Indeed, Kikkert's claims present the type of "generally available grievance about government," which courts have consistently held "do not state an Article III case or controversy." *Lujan*, 504 U.S. at 556; *see also All. for Hippocratic Med.*, 602 U.S. at 381 ("[G]eneral legal, moral, ideological, and policy concerns do not suffice on their own to confer Article III standing to sue in federal court."); *Lance v. Coffman*, 549 U.S. 437 (2007) (collecting cases). The Court thus finds that the FAC should be dismissed for lack of Article III standing.

### 3.3.2    Kikkert's alleged harms are purely speculative and not concrete.

Even if Kikkert's alleged injuries were particularized, he still wouldn't have standing to bring sue because his alleged injury is not concrete. For an injury-in-fact to be "concrete," it must "actually exist," meaning that it is "real, and not abstract." *Spokeo*, 578 U.S. at 340.

Kikkert's alleged injuries are entirely abstract. For example, he admits that the state vaccination policies at issue were not forced upon him. FAC at 5. Kikkert does not claim that any policy or action by Defendants has actively restrained his

DISMISSAL ORDER - 6

exercise of his constitutional rights, but rather alleges that he was "deterred" from certain opportunities through his "fears" of various threats due to his "non-compliance with vaccine authorizations." *See*, *e.g.*, FAC at 6 (claiming that ongoing threats under current vaccine policies have "deprived [him] of the right to live and raise potential children"); *id.* at 7 (Kikkert's own fears of "sudden mandate imposition" resulted in his aversion to enrolling in courses at Cascadia College); *id.* at 8 (alleging that he was "deterred" from applying for federal grants by unspecified "unlawful controls" and "anti-BDS laws."). But nowhere does Kikkert allege that he received any actual threats or was *himself* subjected to these policies, laws, or conspiracies, i.e., a "real, and not abstract" injury. Rather, he lists a slew of opportunities—educational, economical, and personal—that he has failed to act on due to his own unfounded fears of undefined penalties.[2] These are not sufficiently concrete to support an injury-in-fact.

The Court thus finds that Kikkert lacks standing and that his claims must be dismissed. Because Kikkert has not alleged an injury-in-fact, the Court need not reach the issues of traceability and redressability. Accordingly, Defendants' motions are GRANTED.

---

[2] Additionally, Kikkert's alleged harms are premised on a "highly attenuated chain of possibilities," and are therefore unable to satisfy the requirement that the threatened injury-in-fact is "certainly impending." *Clapper v. Amnesty Int'l USA,* 568 U.S. 398, 410 (2013). *See also Olympus Spa v. Armstrong*, 675 F. Supp. 3d 1168, 1188 (W.D. Wash. 2023) (to establish standing for a threat alone, plaintiff must identify a particular—not merely generalized—threat of enforcement).

DISMISSAL ORDER - 7

**3.4    No leave to amend.**

Kikkert has already been given several chances to state a cognizable federal claim. He filed an original complaint, an amended complaint, and comprehensive responses to both Defendants' motions to dismiss. Despite these multiple attempts to articulate Article III standing, he remains unable to show a cognizable injury-in-fact, as explained above.

While courts ordinarily grant pro se plaintiffs leave to amend, "dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment." *Est. of Strickland v. Nevada Cnty.*, 69 F.4th 614, 623 (9th Cir. 2023). Courts have "'particularly broad' discretion to deny leave to amend when the plaintiff has already had a chance to amend[.]" *Id.* (quoting *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013)). Given his repeated inability to articulate Article III standing despite explicit guidance and multiple chances, the Court, the Court finds further amendment would be futile.

The Court thus DENIES leave to amend further and DISMISSES this action WITH PREJUDICE. *See Dillon Police Officers' Ass'n v. City of Dillon,* 333 F. App'x 195, 196 (9th Cir. 2009) (affirming dismissal with prejudice under Rule 12(b)(1) for lack of standing).

## 4.   CONCLUSION

The Court finds that Kikkert has failed to establish an injury in fact necessary to confer Article III standing. *See Lujan*, 504 U.S. at 561 ("The party invoking federal jurisdiction bears the burden of establishing these elements."). Federal courts are available to plaintiffs with "a real controversy with real impact

DISMISSAL ORDER - 8

on real persons." *TransUnion*, 594 U.S. at 424. Kikkert has shown neither.

Accordingly, Defendants' motions are GRANTED. Kikkert's claims are DISMISSED WITH PREJUDICE.

Dated this 3rd day of February, 2026.

Jamal N. Whitehead
United States District Judge

DISMISSAL ORDER - 9